IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-10497-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| U.S. Postal Service, Greenville County | ) | |
| Detention Center, McDawson Supply | ) | |
| Company, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On April 8, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a motion to amend. ECF Nos. 8, 9.

## <u>APPLICABLE LAW</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends dismissal because the Detention Center and McDawson Supply Company, Inc. are not persons subject to suit under § 1983; Plaintiff's assertion that one piece of mail was opened before he got to the guard shack fails to state a plausible constitutional claim;  liberally construed, Plaintiff's claim against the U.S. Postal Service is an unconstitutional condition of confinement claim (mail interference), which presents a new *Bivens* context, and under the highly restrictive analysis imposed by the Supreme Court regarding the extension of *Bivens* to new contexts, special factors counsel against extending *Bivens* to Plaintiff's claim regarding mail interference; and portions of the Complaint are frivolous.  In his objections, Plaintiff makes disparaging comments

2

about the undersigned and Magistrate Judge McDonald and rehashes complaints regarding judicial signatures and his classification as a pretrial detainee. ECF No. 8. He states that ECF Nos. 5 and 6 are invalid due to the judicial signature. While Plaintiff has not addressed the substance of the Report, because he filed objections, the Court's review has been de novo. Upon such review, the Court agrees with the recommendations of the Magistrate Judge and adopts and incorporates his well-reasoned analysis.[1]

In his motion to amend, Plaintiff states that "McDaniel Supply is the correct name (not McDawson Supply)." ECF No. 9 at 1. He further states that the Greenville County Detention Center does not have trust accounts or a trust officer and that the "U.S. Court has ordered the GCDC, McDaniel Supply to Company, to rob my commissary at least 3 times" *Id.* at 2. These allegations either fail to correct the deficiencies already identified or state frivolous accusations. Accordingly, the motion to amend is denied. *See* Fed. R. Civ. P. 15.

---

[1] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

To the extent that the objections also constitute an appeal of the Magistrate Judge's orders at ECF Nos. 5 and 6, the Court addresses that here.  The Magistrate Judge's orders are non-dispositive.  Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*.  Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review.  *Id*.  Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).  The Court has reviewed the Magistrate Judge's orders and Plaintiff's appeal.  Upon such review, the Court finds that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law.  Accordingly, the appeal is denied.

## CONCLUSION

Accordingly, the Court agrees with the Report of the Magistrate Judge.  This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.  Plaintiff's motion to amend [9] is denied.

4

This action is closed.  Pursuant to the Fourth Circuit's order in Nos. 25-6695 and 25-7017 (4th Cir. July 23, 2026), prior to filing an appeal, Plaintiff is required to seek certification that the appeal is non-frivolous from the undersigned.  If Plaintiff intends to pursue an appeal, he is directed that he may file one document listing one case number and labeled clearly as "Notice of Request to Appeal."  If the document complies with these requirements, it will be docketed in this case and the Court will issue or deny a certification as soon as practicable.  Any other filings in this case will be retained by the Clerk's Office but will not be docketed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 28, 2026
Spartanburg, South Carolina